**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civ. No. 4:19-cv-4644** |
| | § | |
| **NNENA IRO** | § | |
| **and VIVIAN UGOMMA IRO** | § | |
| **Defendants.** | § | |

**COMPLAINT FOR FRAUDULENT TRANSFER**

Upon information and belief, the United States of America, Plaintiff, by and through its undersigned attorneys, complains and alleges as follows:

JURISDICTION AND VENUE

1.      This is a civil action filed under 28 U.S.C. §§ 3301 *et seq.* This court has jurisdiction under 28 U.S.C. § 1345.

2.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391.

PARTIES

3.      Plaintiff United States of America is the government of the United States. Since March 6, 2019, Plaintiff United States of America has been a creditor of Defendant Nnena Iro by reason of a judgment entered against her on March 6, 2019 in *United States v. Nnena Iro*, Case No. 4:16-CR-262-001, United States District Court for the Southern District of Texas, Houston Division. At the time of entry of judgment, Defendant Nnena Iro's debt to the United States totaled $7,401,113.20, plus interest. (*See* Doc. No. 42, p. 5, in 4:16-CR-262-001).  The debt, totaling $7,400,864.76, remains outstanding as of November 22, 2019.

4.      Defendant Nnena Iro is an adult residing in the Federal Medical Center, Carswell, Naval Air Station, J St. Bldg. 3000, Fort Worth, TX 76127. Defendant Nnena Iro is the mother of

Defendant Vivian Ugomma Iro. Defendant Nnena Iro is indebted to the United States by reason of a judgment entered against her as described in paragraph 3 above.

5.      Defendant Vivian Ugomma Iro is an adult residing in the Southern District of Texas.

6.      On June 16, 2016, Defendant Nnena Iro transferred or conveyed certain property, as set forth below, to an insider, Defendant Vivian Ugomma Iro, with the intent to hinder, delay, or defraud the United States in collecting the debt owed by Defendant Nnena Iro. The transfer violates the provisions of 28 U.S.C. §§ 3301 *et seq.*, including the provisions of 28 U.S.C. §§ 3304 (a)(1), (b)(1)(A), and (b)(1)(B) as more specifically set forth below.

<u>FACTS</u>

7.      From in or around January 2011 through in or around February 2016, Defendant Nnena Iro did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a healthcare benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare.

8.      On May 10, 2016, Defendant Nnena Iro submitted a voluntary interview with federal agents in which she admitted to conspiring with others to commit healthcare fraud.

9.      On June 16, 2016, Defendant Nnena Iro transferred the property located at 28 Swan Isle Blvd, Missouri City, TX 77459 (the "Property") to her daughter, Defendant Vivian Ugomma Iro, through a Special Warranty Deed. Ex. D. When Defendant Nnena Iro transferred the Property, she did not receive reasonably equivalent value in exchange for the transfer of the Property to her daughter.

10.      On June 20, 2016, an Information was filed in open court against Defendant Nnena

2

Iro.

11.     On July 22, 2016, the Special Warranty Deed was recorded in the county records of Fort Bend County, Texas.

12.     On February 21, 2017, Defendant Nnena Iro entered a plea of guilty to the one count information filed that charged her with conspiracy to commit healthcare fraud in violation of Title 18, United States Code, Section 1347, and among other things, agreed to pay restitution to the victim.

13.     As described in paragraph 3 above, a Judgment with restitution has been entered against Defendant Nnena Iro wherein Defendant pleaded guilty to conspiracy to commit healthcare fraud, was sentenced to 84 months imprisonment, and was ordered to pay restitution in the amount of $7,401,113.20.

14.     Pursuant to 18 U.S.C. § 3613(c), a statutory lien was created in favor of the United States upon the imposition of the criminal monetary judgment against all property and rights to property belonging to Defendant Nnena Iro.

15.     Defendant Nnena Iro transferred or conveyed certain property, as set forth below, to an insider, Defendant Vivian Ugomma Iro, with the intent to hinder, delay, or defraud the United States in collecting the debt owed by Defendant Nnena Iro. The transfer violates the provisions of 28 U.S.C. §§ 3301 *et seq.*, including the provisions of 28 U.S.C. §§ 3304(a)(1), (b)(1)(A), and (b)(1)(B) as more specifically set forth below.

## NATURE OF THE ACTION

16.     This is a complaint brought under 28 U.S.C. §§ 3301 *et seq.* to set aside a fraudulent transfer engaged in by Defendants Nnena Iro and Vivian Ugomma Iro. The purpose of the fraudulent transfer was to transfer property so as to hide, conceal, or shield such property from the

creditors of Defendant Nnena Iro, including Plaintiff United States of America, and to delay those creditors from collecting debts owed by her.

17.     Section 3304(a)(1) provides that a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States which arises before the transfer is made or obligation incurred if (A) the debtor makes the transfer or incurs the obligation without receiving reasonably equivalent value in exchange and (B) the debtor is insolvent at that time or becomes insolvent as a result of the transfer or obligation. 28 U.S.C. § 3304(a)(1).

18.     As set forth below, Defendant Nnena Iro, in concert with the other named defendant specified, made the transfer set forth in paragraphs 26-30. The transfer violated Section 3304(a)(1) in that Defendant Nnena Iro made the transfer, through a Special Warranty Deed, after she had submitted a voluntary interview with federal agents about the conspiracy to commit healthcare fraud and was thus aware of impending criminal prosecution. The Special Warranty Deed was not recorded until July 22, 2016, which was after the Information was filed in open court, as described in paragraph 10. Defendant Nnena Iro failed to receive reasonably equivalent value in exchange for the transfer and, at the time, Defendant Nnena Iro was, or became, insolvent as a result of the transfer.

19.     Section 3304(b)(1)(A) provides that a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether or not such debt arose before or after the transfer or obligation, if the debtor makes the transfer or obligation with actual intent to hinder, delay, or defraud a creditor. 28 U.S.C. § 3304(b)(1)(A).

20.     As set forth below, Defendant Nnena Iro, in concert with the other named defendant specified, made the transfer set forth in paragraphs 26-30. The transfer violated Section 3304(b)(1)(A) in that Defendant Nnena Iro, in concert with the other name defendant, made the

transfer with actual intent to hinder, delay, or defraud a creditor, taking into consideration the factors enumerated in Section 3304(b)(2)(A)-(K).

21.    Section 3304(b)(1)(B) provides that a transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether or not such debt arose before or after the transfer or obligation, if the debtor makes the transfer or obligation without receiving reasonably equivalent value in exchange for the transfer, if the debtor either (i) was engaged in or was about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to repay as they came due.

22.    As set forth below, Defendant Nnena Iro, in concert with the other named defendant specified, made the transfer set forth in paragraphs 26-30. The transfer violated Section 3304(b)(1)(B) in that Defendant Nnena Iro made the transfer without receiving reasonably equivalent value in exchange for the transfer and Defendant Nnena Iro intended to incur, or believed or reasonably should have believed that she would incur, debts beyond her ability to repay as they came due.

## NATURE OF THE UNDERLYING DEBT TO THE UNITED STATES

23.    On February 21, 2017, Defendant Nnena Iro pled guilty to conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1347. She was sentenced to 84 months imprisonment and was ordered to pay $7,401,113.20 in restitution.

24.    On May 13, 2019, the judgment was perfected as a Lien in Fort Bend County, Texas.

25.    A debt of $7,400,864.76 remains outstanding as of November 22, 2019.

FRAUDULENT TRANSFER MADE BY DEFENDANTS INVOLVING
28 SWAN ISLE BLVD, MISSOURI CITY, TX 77459

26.     On June 16, 2016, Defendants Nnena Iro and Vivian Ugomma Iro embarked on a scheme to conceal assets and to deprive creditors of the ability to collect debts of Defendant Nnena Iro. The purpose of the scheme was to make Defendant Nnena Iro immune to collection activities directed towards her most valuable asset: her house.

27.     To accomplish this purpose, Defendant Nnena Iro transferred the property located at 28 Swan Isle Blvd, Missouri City, TX 77459 (the "Property") to her daughter Defendant Vivian Ugomma Iro, through a Special Warranty Deed.

28.     The purpose of transferring the Property was to shield the Property from Defendant Nnena Iro's creditors, including the United States of America.

29.     As of the date of this Complaint, Defendant Vivian Ugomma Iro is in possession of the Property, which is appraised at $593,630 per the 2019 Fort Bend County Appraisal records.

30.     At all times relevant hereto, Defendant Vivian Ugomma Iro is constituted as an "insider" as defined in 28 U.S.C. § 3301(5)(A)(i).

ALLEGATIONS RELATED TO THE TRANSFER

31.     Upon information and belief, Defendant Nnena Iro, together with Defendant Vivian Ugomma Iro, herein, made the transfer alleged in paragraphs 26-30 for less than reasonably equivalent value.

32.     Upon information and belief, Defendant Nnena Iro was insolvent at the time of the transfer, or the transfer caused her to become insolvent.

33.     Upon information and belief, Defendants Nnena Iro and Vivian Ugomma Iro made the transfer above, as specifically alleged for the transfer, to hinder, delay, or defraud the United

States and other creditors of Defendant Nnena Iro.

34.     Since the time of the transfer alleged herein, Defendants Nnena Iro and Vivian Ugomma Iro have continued to attempt to hinder, delay, or defraud the United States in the collection of the debt owed by Defendant Nnena Iro and in the discovery of this transfer and her assets or assets she controls, held in the names of others.

35.     In an interview with her probation officer on December 3, 2018, Defendant Nnena Iro identified the Property as her personal asset.

36.     In August 2019, Defendant Vivian Ugomma Iro put the Property up for sale. *See* Ex. H. As of the date of this Complaint, the Property is still listed as for sale.

<div align="center">

COUNT ONE
[Fraudulent Transfer in violation of 28 U.S.C. § 3304(a)(1)]

</div>

37.     Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38.     The transfer enumerated in paragraphs 26-30 violated 28 U.S.C. § 3304(a)(1) in that:

(1)     Defendant Nnena Iro made the transfer or incurred the obligations at a time when she was under investigation and about to be indebted to the United States which resulted in the judgment entered against her in *United States v. Nnena Iro*, Case No. 4:16-CR-262-001;

(2)     the debtor, Defendant Nnena Iro, made the transfer or incurred the obligation without receiving reasonably equivalent value in exchange for the transfer or obligation; and

(3)     the debtor, Defendant Nnena Iro, was insolvent at the time of the transfer or obligation or became insolvent as a result of the transfer or obligation.

39.     As a result of these violations of Section 3304(a)(1), the transfer enumerated in paragraphs 26-30 was a fraudulent transfer as to the debt owed to the United States by Defendant

Nnena Iro.

<div align="center">

COUNT TWO

[Fraudulent Transfer in violation of 28 U.S.C. § 3304(b)(1)(A)]

</div>

40.     Plaintiff incorporates paragraphs 1-39, as if fully set forth herein.

41.     The transfer enumerated in paragraphs 26-30 violated 28 U.S.C. § 3304(b)(1)(A) in that the transfer was made with an actual intent to hinder, delay, or defraud a creditor, as evidenced by the fact that;

(1)     the transfer was to one of the defendants herein, who is an "insider" as defined by 28 U.S.C. § 3301(5)(A)(i), as the property was transferred to her daughter;

(2)     the transfer was concealed so as to shield the asset from creditors of Defendant Nnena Iro;

(3)     before the transfer, the debtor, Defendant Nnena Iro, was under investigation for conspiracy to commit healthcare fraud and was about to be indebted to the United States for approximately $7,401,213.20;

(4)     the transfer involved a substantial portion of assets at the disposal of Defendant Nnena Iro;

(5)     the debtor, Defendant Nnena Iro, was insolvent as a result of the transfer;

(6)     the transfer occurred after the investigation described in paragraph 8 of this Complaint was in existence;

(7)     at the time when Defendant Nnena Iro made the transfer, the pending debt to the United States was known to her and she did not receive reasonably equivalent value for the transfer and became insolvent, or was already insolvent, as a result of the transfer; and

<div align="center">

8

</div>

(8)     Defendant Vivian Ugomma Iro is now attempting to sell the Property in question thereby placing a substantial portion of assets at the disposal of Defendant Nnena Iro beyond the reach of the United States.

42.     The transfer described in paragraphs 26-30 impaired and continues to impair the rights of the plaintiff in that the debtor Defendant Nnena Iro is now insolvent and has no money or property from which the debt described in paragraph 23 can be satisfied.

43.     As a result of these violations of section 3304(b)(1)(A), the transfer enumerated in paragraphs 26-30 was a fraudulent transfer as to the debt owed the United States by Defendant Nnena Iro.

<div align="center">COUNT THREE<br>[Fraudulent Transfer in violation of 28 U.S.C. § 3304(b)(1)(B)]</div>

44.     Plaintiff incorporates paragraphs 1-43 as if fully set forth herein.

45.     The transfer enumerated in paragraphs 26-30 violated 28 U.S.C. § 3304(b)(1)(B) in that:

(1)     with respect to the transfer enumerated, Defendant Nnena Iro failed to receive a reasonably equivalent value in exchange for the transfer or obligation; and

(2)     Defendant Nnena Iro was engaged in a business or a transaction for which her remaining individual assets were unreasonably small in relation to the business or transaction; or

(3)     Defendant Nnena Iro, acting in concert with Defendant Vivian Ugomma Iro, intended to incur or believed or reasonably should have believed that the transfer meant that Defendant Nnena Iro would incur debts beyond her ability to pay as they became due, including the debt to the United States set forth in paragraph 23.

46.     As a result of these violations of Section 3304(b)(1)(B), the transfer enumerated in

<div align="center">9</div>

paragraphs 26-30 was a fraudulent transfer as to the debt owed to the United States by Defendant Nnena Iro.

WHEREFORE the plaintiff, the United States of America, demands that:

(a)    As to Count One, the transaction described in paragraphs 26-30 of this Complaint, be adjudged a fraudulent transfer in violation of 28 U.S.C. § 3304(a)(1) and void to the extent necessary to satisfy the United States' judgment in *United States v. Nnena Iro*, Case No. 4:16-CR-262-001;

(b)    As to Count Two, the transaction described in paragraphs 26-30 of this Complaint, be adjudged a fraudulent transfer in violation of 28 U.S.C. § 3304(b)(1)(A) and void to the extent necessary to satisfy the United States' judgment in *United States v. Nnena Iro*, Case No. 4:16-CR-262-001;

(c)    As to Count Three, the transaction described in paragraphs 26-30 of this Complaint, be adjudged a fraudulent transfer in violation of 28 U.S.C. § 3304(b)(1)(B) and void to the extent necessary to satisfy the United States' judgment in *United States v. Nnena Iro*, Case No. 4:16-CR-262-001; and

(d)    The Plaintiff be awarded such other relief as may be appropriate and just.

Respectfully submitted this 26th day of November 2019.

<div style="margin-left:40%">

Respectfully submitted,
RYAN K. PATRICK
United States Attorney

By:    */s/ John Noh*_____
E. Vincent Carroll
Assistant United States Attorney
SDTX Admission No. 1804030
Vincent.Carroll@usdoj.gov

John Noh
Assistant United States Attorney
SDTX Admission No. 3257226
John.Noh@usdoj.gov

United States Attorney's Office
1000 Louisiana, Suite 2300
Houston, Texas 77002
713-567-9167

</div>

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____